UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSSELYN MELIZA ACOSTA VILLANUEVA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, *et al.*,<br><br>Respondents. | CASE NO. 2:26-cv-02002-GJL<br><br>ORDER DENYING REQUEST FOR REVIEW WITHOUT PREJUDICE TO THE INSTITUTION OF A NEW ACTION |

Before the Court in this now-closed case is a Request for Review of the decision reached by an Immigration Judge ("IJ") in a bond hearing held pursuant to the Court's Order and Judgment entered on August 4, 2026. Dkt. 15 (Request); Dkts. 12, 13 (Order and Judgment). For the reasons set forth below, Petitioner's Request (Dkt. 15) is **DENIED without prejudice** and **with the ability to re-file as a new, separate habeas action**.[1]

## I. DISCUSSION

Federal courts possess authority to enforce their judgments, including by ordering a party to perform a specific act required by the judgment. That authority permits a court to ensure

[1] The Parties have consented to proceed in this action before a United States Magistrate Judge. Dkt. 4.

compliance with the relief it previously ordered. Fed. R. Civ. P. 70(a); *Rose v. Guyer*, 961 F.3d 1238, 1245 (9th Cir. 2020). The Court's authority to enforce its judgments does not, however, automatically provide a vehicle for adjudicating any and all claims arising from the manner in which that relief was subsequently provided.

Here, the Court's Order and Judgment required Respondents to provide Petitioner with an individualized bond hearing within fourteen days, at which Respondents would bear the burden of proof by clear and convincing evidence. Dkts. 12, 13. Petitioner does not allege the sort of direct noncompliance with the Order and Judgment that could be resolved by simply enforcing its terms (for example, that Respondents refused to provide a hearing within the required period or that the IJ failed to place the specified burden of proof on Respondents). Rather, Petitioner challenges the constitutionality of notice provided ahead of the hearing, the IJ's decision making when conducting the hearing, and whether Respondents' evidence was sufficient to sustain the IJ's ultimate bond denial decision as a matter of law. *See* Dkt. 15; *see also* Dkt. 17 (Respondents' Show Cause Response stating the bond hearing occurred within the required period and that the IJ placed the burden of clear and convincing evidence on the government).[2]

The question previously adjudicated by this Court was whether Petitioner's prolonged detention without an individualized bond hearing violated due process. *See* Dkts. 1, 12. Petitioner's instant Request asks whether the subsequently held bond hearing complied with

[2] The Court notes that Respondents filed the required Declaration nearly a week after the Court's deadline and only after the Court ordered them to show cause why the conditional writ should not be enforced for failure to comply. Dkt. 16 (Order to Show Cause); Dkt. 18 (Declaration). Respondents explain that the assigned Assistant United States Attorney ("AUSA") was on leave when the deadline expired. That explanation, however, does not account for Respondents' failure to file the declaration during the six days between the bond hearing and the filing deadline or the failure of another AUSA in the office to ensure compliance with the Court's Order and Judgment. Respondents are therefore **CAUTIONED** that repeated noncompliance with ordered deadlines may result in enforcement of the conditional writ without a further opportunity to show cause and, where attributable to counsel, the imposition of appropriate sanctions.

applicable constitutional and legal requirements. *See* Dkt. 15. Resolution of that question would require the Court to consider the record of the subsequent hearing, receive briefing concerning the legal standards governing Petitioner's new allegations of error, and apply those standards to facts that did not exist when the Court entered its Order and Judgment. The resulting proceeding would therefore more closely resemble a new habeas action addressing a distinct constitutional violation, rather than the direct enforcement of an existing judgment.

Thus, given the nature of Petitioner's challenge, the appropriate course is to file a new, separate action rather than to seek continued litigation in a closed case. *See Mamo v. Bondi*, No. 2:25-cv-02562-SKV, Dkt. 16 (W.D. Wash. Apr. 8, 2026) (striking improper motion to enforce, stating "if Petitioner wishes to challenge the constitutional sufficiency of his bond hearing, he must do so by way of a separate federal habeas petition and not by way of a motion seeking to resurrect this now closed case."); *Hurtado Gomez v. Hernandez*, No. 2:26-cv-02082-MLP, Dkt. 21 (W.D. Wash. Aug. 21, 2026) (similar).

Accordingly, Petitioner must raise any challenge to the legal or constitutional sufficiency of the court-ordered bond hearing by filing a new, separate habeas petition. *See Velasquez v. Ice Field Office*, 2026 WL 1834287, at *1 (W.D. Wash. June 25, 2026).

## II. CONCLUSION

For the above stated reasons, Petitioner's Request for Review (Dkt. 15) is **DENIED without prejudice** and **with the right to re-file in a new, separate action**.

//

//

//

The Clerk of Court is **DIRECTED** to provide Petitioner with the necessary forms for filing a new 28 U.S.C. § 2241 action along with a copy of this Order.

Dated this 27th day of August, 2026.

Grady J. Leupold
United States Magistrate Judge